**Charles Ray NEW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57031.**

Court of Criminal Appeals of Texas, Panel No. 3.

July 18, 1979.

Steven G. Condos, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Fred C. McDaniel, Paul D. Macaluso and Rider Scott, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ., and CORNELIUS, Commissioner.

## OPINION

CORNELIUS, Commissioner.

The conviction was for robbery. Punishment, enhanced by reason of a prior conviction, was set at thirty-five years' confinement. The sufficiency of the evidence is not challenged.

In his first ground of error appellant contends that his motion to quash the enhancement portion of the indictment should have been granted because, in the conviction alleged for enhancement, the sentence was pronounced the same day that judgment was rendered, and he did not knowingly and intelligently waive the ten days allowed him between judgment and sentence as required by Article 42.03, V.A. C.C.P. This contention is without merit. Even if the ten day waiting period was not knowingly and intelligently waived, the premature pronouncement of sentence constitutes only an irregularity in the proceeding which renders it voidable rather than void. Such an irregularity may be used to challenge the conviction only in a direct attack, and it may not be used to collaterally attack the judgment. *Ex Parte Shields*, 550 S.W.2d 670 (Tex.Cr.App.1976); *Lewis v. State*, 501 S.W.2d 88 (Tex.Cr.App.1973).

Appellant's other ground of error concerns certain comments made by state's counsel in his jury summation at the guilt-innocence stage of the trial. We have carefully considered the comments and find that they constituted reasonable deductions from the evidence. Furthermore, appellant's counsel did not pursue his objection thereto to an adverse ruling. No error is shown.

The judgment of the trial court is affirmed.