Opinion issued July 10, 2008












     

In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00462-CR




RONALD WAYNE SCHOFIELD, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 06CR3089




O P I N I O N

          Appellant, Ronald Wayne Schofield, pleaded guilty to second-degree felony
failure to register as a sex offender


 and pleaded “true” to an enhancement allegation,
raising the punishment range for the offense to that of a first-degree felony.


 No
agreement was made regarding sentencing. Following the preparation of a
presentence investigation report and a punishment hearing, the trial court assessed
punishment at 11 years in prison. In what presents as one issue, appellant contends
that the 1999 judgment convicting him of sexual assault of a child, from which his
duty to register as a sex offender emanates, was void.
          We affirm.
Background
A.      Statutory Framework
          In 1991, the Texas Legislature enacted the sex-offender registration and
notification statute, which was codified at article 6252-13c.1 of the Texas Revised
Civil Statutes.


 In 1995, the Legislature amended article 6252-13c.1 to provide, inter
alia, that, for certain offenses, the duty to register as a sex offender ended 10 years
after the offender’s release from state supervision.


 
          In 1997, the Texas Legislature re-designated the statute as Chapter 62 of the
Texas Code of Criminal Procedure.


 The effective date of the 1997 legislative
changes was September 1, 1997.


 The legislature also amended the language to
require an offender convicted of certain offenses, including sexual assault of a child,
to comply with the registration requirements for the remainder of his or her life.


 An
offender convicted of one instance of certain “sexually violent offenses,” including
sexual assault of a child, is required to verify registration information with the local
law enforcement authorities once each year.


 
          Since the 1997 amendments, the failure to comply with the registration
requirements has been a felony offense.


 Tex. Code Crim. Proc. Ann. art. 62.102
(Vernon 2006). Relevant to this case, a failure to comply with the registration
requirements is a state jail felony if the offender’s duty to register expires 10 years
after he is released from state supervision; a failure to comply with the registration
requirements is a third degree felony if the offender is required to register for life and
to verify his registration information once each year.


 If an offender has previously
been convicted of failing to comply with the registration requirements, then the
punishment is increased to the punishment for the next highest offense.



B.      Relevant Procedural History 
          On January 4, 1999, appellant pleaded guilty to sexual assault of a child in
Brazoria County District Court. Appellant was sentenced to two years in prison. The
1999 judgment recites that “the age of the victim” was 16 and “[t]he sex offender
requirement of Article 6252-13c.1, Revised Statutes, applies” to appellant. 
          In September 2003, appellant pleaded guilty to the offense of “Failure to
Register as a Sex Offender.” On March 14, 2007, appellant was charged by
indictment with the offense of failing to verify his sex offender registration
information with the local law enforcement authority, as required. The indictment
cited the 1999 judgment of conviction for sexual assault of a child as the reportable
conviction. The indictment also included an allegation that appellant was convicted
in 2003 of the offense of failure to register as a sex offender and an enhancement
allegation that appellant had been convicted in 1996 of the offense of felony driving
while intoxicated. 
          In the trial court, appellant contended that the punishment range for a second-degree felony applied, rather than the punishment range for a first-degree felony, as
advocated by the State. Asserting collateral estoppel, appellant relied on the Brazoria
County District Court’s notation in the 1999 judgment that former Revised Statutes
article 6252-13c.1 applied to his conviction for sexual assault of a child. Appellant
asserted that, under article 6252-13c.1, he was required to comply with the reporting
requirements for 10 years following his release from state supervision. 
          Appellant further asserted that Code of Criminal Procedure article 62.102(b)(1)
applies to his current reporting violation. Under that provision, a violation of the
registration requirements is a state jail felony if an offender’s duty to register expires
10 years after he is released from state supervision.


 Acknowledging his 2003
conviction for failure to register as a sex offender and the enhancement allegation for
his 1996 felony DWI, appellant asserted that the punishment range for a second-degree felony applied to the instant reporting violation offense in this case.
          In contrast, the State argued that the punishment range of a first-degree felony
applied. The State asserted that the primary offense in this case was a third-degree
felony, not a state jail felony as advanced by appellant. The State pointed out that the
notation in the 1999 judgment providing that former article 6252-13c.1 applied to
appellant’s reportable conviction was erroneous. The State contended that, regardless
of what the 1999 judgment recited, the 1997 amendments, i.e., Chapter 62, applied
to appellant’s reportable conviction, not former article 6252-13c.1. Under the
governing provision, the State urged that appellant is required to register for life as
a sex offender, not for 10 years. Given the life-time registration requirement, the
State asserted that, pursuant to article 62.102(b)(2), appellant’s current registration
violation was a third-degree felony.


 Taking into account appellant’s 2003
conviction for failing to register as a sex offender and the DWI enhancement
allegation, the State argued that the punishment range would be elevated from a third-degree felony to a first-degree felony.


 
          The trial court conducted a hearing on appellant’s contention that he should be
sentenced under the punishment range for a second degree felony. The trial court
agreed with the State that former article 6252-13c.1 did not apply to appellant’s 1999
conviction. The trial court noted that appellant’s 1999 conviction for sexual assault
occurred after the legislature re-designated article 6252-13c.1 as Chapter 62 and
amended certain provisions in 1997. The trial court stated that the re-designation and
amendments applied to all convictions occurring after the statute’s effective date of
September 1, 1997, regardless of when the offense occurred, which here was in 1996. 
Because his conviction occurred in 1999, the trial court rejected appellant’s collateral
estoppel argument and concluded that appellant was subject to the Chapter 62
reporting requirements, not the requirements of former article 6252-13c. That is,
appellant is required to comply with the reporting requirements for the remainder of
his life, regardless of the notation in the 1999 judgment. 
          Appellant argued that former article 6252-13c.1’s reporting requirements
applied to him because the Brazoria County District Court had intended them to
apply. The trial court stated that the Brazoria County District Court’s intent could not
supersede the statute. Accordingly, the trial court concluded that, if the enhancement
allegation was shown to be true, appellant was subject to the punishment range for
a first-degree felony.
          On appeal, appellant agrees that the registration requirements of article 6252-13c.1 do not apply to him. He no longer relies on the language in the 1999 judgment
to assert that he should have been subject only to a second-degree felony punishment
range. Instead, appellant asserts that the incorrect reference to former article 6252-13c.1 rendered the 1999 judgment of conviction “void.” Appellant argues that,
despite the trial court’s attempt to orally “reform” the 1999 judgment of conviction
to reflect the correct registration requirements, the judgment remains void because the
trial court was without jurisdiction to “reform” the judgment of another district court. 
Because his duty to register emanates from what he contends is a void judgment,
appellant now seeks a reversal of the instant judgment of conviction and a judgment
of acquittal from this Court. 
Analysis
          We begin by noting that it appears appellant has waived his voidness challenge
to the 1999 judgment of conviction. Appellant has failed to preserve any error for our
review because the complaint he raises on appeal does not conform to the one raised
in the trial court. Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); see
Porath v. State, 148 S.W.3d 402, 410 (Tex. App.—Houston [14th Dist.] 2004, no
pet.) (holding that, if objection made in trial court differs from complaint on appeal,
defendant fails to preserve error for review). As discussed, appellant relied on the
language of the 1999 judgment of conviction in the trial court to support his
contention that the sentencing range for a second-degree felony applied to the instant
offense. In contrast, on appeal, appellant now attacks the 1999 judgment as void.
          Even if we broadly construe his appellate arguments and assume appellant has
preserved his assertion that the instant judgment of conviction must be reversed on
the ground that the 1999 judgment of conviction is void, we conclude that such
argument is without merit. Appellant’s challenge on appeal constitutes a collateral
attack on the 1999 judgment of conviction. See Adams v. State, 222 S.W.3d 37,
56–57 (Tex. App.—Austin 2005, pet. ref’d); see also Rhodes v. State, 240 S.W.3d
882, 887–88 (Tex. Crim. App. 2007).
          The record reflects that appellant’s 1999 conviction was the result of a plea
bargain agreement. The Court of Criminal Appeals in Rhodes held that a defendant,
who enters into a plea agreement that includes terms which are illegally lenient, is
estopped from later collaterally attacking the judgment on the ground that it was
illegally lenient. 240 S.W.3d at 892. Here, the record does not reveal whether the
registration requirement recited in the 1999 judgment was part of the plea agreement. 
To the extent that it was part of the agreement, we conclude that appellant is estopped
from collaterally attacking the 1999 judgment on the ground that it contained an
incorrect registration requirement. See id.
          In cases in which the “illegal” term at issue was not part of the plea agreement,
the Rhodes court employed a different analysis. Id. at 887–89. The court recognized
that when a judgment defect is reformable on direct appeal, as in this case, the
judgment is not void and may not be collaterally attacked. See id. at 888; see also
Barker v. State, 334 S.W.2d 182, 184 (Tex. Crim. App. 1960) (“A judgment or
sentence containing an irregularity which may be reformed on appeal or by nunc pro
tunc entry is not void, and may not be collaterally attacked.”). Here, it is undisputed
that the 1999 judgment of conviction could have been reformed on direct appeal to
reflect the correct registration requirements. Thus, to the extent the registration
requirement was not part of the 1999 plea agreement, the reformable nature of the
defect cannot render the prior judgment void. See Rhodes, 240 S.W.3d at 889.
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.



 

                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Publish. See Tex. R. App. P. 47.2(b).