

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0364-10

**JULIO CESAR PUENTE, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**KEASLER, J., filed a concurring opinion in which KELLER, P.J., and HERVEY, J., joined.**

### CONCURRING OPINION

I would hold that Julio Cesar Puente is estopped from challenging his sentence as illegal.[1] As the record clearly shows, Puente and the State reached an agreement whereby Puente pled guilty in exchange for the State's consideration to abandon the allegation that

---

[1] *See Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007) (observing that estoppel by contract bars a party who accepts benefits under a contract from questioning the contract's existence, validity, or effect).

the victim was under six years old, which raised the minimum punishment to twenty-five years' imprisonment.  Puente was punished in accordance with the agreement and his punishment for the lesser-included offense was authorized.  It is absurd to permit Puente to attack the propriety of his sentence on the basis that the indictment was not properly amended under the terms of the plea agreement.  There is no reason to hesitate to hold Puente to the terms of the valid plea bargain agreement.  We should not be addressing the merits of his claim under these circumstances, and the court of appeals should have declined to do so as well.

DATE DELIVERED:  September 22, 2010
PUBLISH