IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0364-10






JULIO CESAR PUENTE, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


 HARRIS COUNTY





 Keasler, J., filed a concurring opinion in which Keller, P.J., and Hervey, J.,
joined. 


CONCURRING OPINION 



 I would hold that Julio Cesar Puente is estopped from challenging his sentence as
illegal. (1)
 As the record clearly shows, Puente and the State reached an agreement whereby
Puente pled guilty in exchange for the State's consideration to abandon the allegation that
the victim was under six years old, which raised the minimum punishment to twenty-five
years' imprisonment. Puente was punished in accordance with the agreement and his
punishment for the lesser-included offense was authorized. It is absurd to permit Puente to
attack the propriety of his sentence on the basis that the indictment was not properly amended
under the terms of the plea agreement. There is no reason to hesitate to hold Puente to the
terms of the valid plea bargain agreement. We should not be addressing the merits of his
claim under these circumstances, and the court of appeals should have declined to do so as
well.


DATE DELIVERED: September 22, 2010

PUBLISH 


 
1. See Rhodes v. State, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007) (observing
that estoppel by contract bars a party who accepts benefits under a contract from
questioning the contract's existence, validity, or effect).