# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00184-CR

**Ronald Lynn Guillory, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 48115, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In November 1997, in the cause now before us, appellant Ronald Lynn Guillory pleaded guilty to an information accusing him of aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02(a)(2) (West Supp. 2009). He also pleaded true to the enhancement paragraph alleging a previous felony conviction. *See id*. § 12.42(b). Appellant entered these pleas as part of a bargain with the State under which he also pleaded guilty to indictments accusing him of retaliation and failing to stop and render aid, and true to their enhancement paragraphs. As called for by the plea bargain, the trial court adjudged appellant guilty in the latter causes and sentenced him to two concurrent seven-year prison terms. As further agreed, the court deferred adjudication in the instant cause and ordered appellant to serve a ten-year period of community supervision to begin after the sentences imposed in the other two causes ceased to operate.

The record reflects that appellant was released from prison in April 2004 and began serving the ten-year deferred adjudication community supervision. In July 2009, the State filed a motion to adjudicate alleging four violations of the supervisory conditions. Following a hearing, the trial court found the alleged violations to be true and adjudged appellant guilty of aggravated assault with a deadly weapon. After hearing further evidence relevant to punishment, the court sentenced appellant to twenty years' imprisonment.

In this appeal from the conviction, appellant does not complain of any error at the adjudication or punishment proceedings. His only contention is that the order cumulating his deferred adjudication in this cause with the sentences imposed in the other two causes was unlawful and rendered the deferred adjudication order void. Appellant urges that the appropriate remedy is to reverse his conviction and remand for a new trial. *See Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) ("If the original judgment imposing probation was void, then the trial court would have no authority to revoke probation[], since . . . there is nothing to revoke"). The State concedes the error and agrees that appellant's conviction must be reversed.

When a defendant has been convicted in two or more cases, the trial court generally has the discretion to order the sentence imposed or suspended in the second and subsequent convictions either to (1) begin when the sentence imposed or suspended in the preceding conviction has ceased to operate or (2) run concurrently with the sentence imposed or suspended in the preceding conviction. Tex. Code Crim. Proc. Ann. art. 42.08(a) (West Supp. 2009). When adjudication is deferred, however, there is no conviction and no sentence to impose or suspend. Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (West Supp. 2009); *see Ex parte Evans*, 964 S.W.2d 643,

2

646-47 (Tex. Crim. App. 1998); *McNew v. State*, 608 S.W.2d 166, 171-72 (Tex. Crim. App. 1978). Therefore, article 42.08 does not permit a trial court to cumulate or "stack" deferred adjudications. *Beedy v. State*, 194 S.W.3d 595, 602 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 250 S.W.3d 107, 115 (Tex. Crim. App. 2008); *Hurley v. State*, 130 S.W.3d 501, 507 (Tex. App.—Dallas 2004, no pet.). Appellant is correct in asserting that the trial court was not authorized to stack his deferred adjudication in this cause on the prison sentences imposed in the other two causes.

As a general rule, a defendant who is placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken from the deferred adjudication order. *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). However, under the "void judgment" exception to this rule, a defendant appealing the judgment of conviction rendered after his guilt is adjudicated may collaterally attack the original deferred adjudication order if the order was void. *Nix*, 65 S.W.3d at 667-68. A judgment—and, by analogy, an order deferring adjudication—is void if some element thereof is invalid, and the judgment cannot be reformed to remove the invalid element without resort to resentencing. *Rhodes v. State*, 240 S.W.3d 882, 888 (Tex. Crim. App. 2007).

When an invalid cumulation order is not part of a plea bargain, it can be deleted from the judgment without resort to resentencing and without disturbing the remainder of the judgment. *See Morris v. State*, 301 S.W.3d 281, 295 (Tex. Crim. App. 2009); *Beedy*, 250 S.W.3d at 113. In appellant's case, however, the erroneous cumulation order was part of a plea bargain. The error could not be cured without resentencing because to simply delete the cumulation order from the order deferring adjudication would have the effect of binding the State to the bargain while

3

relieving appellant of it. *See Ex parte Sims*, 868 S.W.2d 803, 805 (Tex. Crim. App. 1993), *overruled on other grounds by Ex parte McJunkins*, 954 S.W.3d 39, 41 (Tex. Crim. App. 1997). Thus, under *Rhodes*, the invalid cumulation order in the cause before us rendered the entire deferred adjudication order void.

In *Rhodes*, the defendant had been convicted of escaping from prison and sentenced to ten years. 240 S.W.3d at 884. As called for in an apparent plea bargain, the sentence was ordered to be served concurrently with the sentence the defendant was serving when he escaped. *Id*. The defendant later collaterally attacked the judgment on the ground that the sentence should have been stacked on the sentence in the previous case. *See* Tex. Code Crim. Proc. Ann. art. 42.08(b) (West Supp. 2009) (sentence for offense committed while in prison shall be ordered to commence upon completion of sentence for original offense). The court of criminal appeals held that because the defendant had enjoyed the benefit of an agreed judgment imposing a too-lenient sentence, he was estopped from collaterally attacking the judgment on that basis. *Rhodes*, 240 S.W.3d at 892.

Whereas the negotiated judgment in *Rhodes* was too lenient because it lacked a mandatory stacking order, the negotiated deferred adjudication order in the cause before us was too harsh because it contained an invalid stacking order. In *Rhodes*, the court of criminal appeals expressly did not decide whether estoppel would bar a defendant from collaterally attacking a negotiated judgment that was unlawfully harsh. *Id*. at 892 n.57. Because estoppel does not clearly apply here and is not urged by the State, we do not reach the question.

The judgment of conviction is reversed and the cause is remanded to the district court for further proceedings.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Reversed and Remanded

Filed:   October 6, 2010

Do Not Publish