

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–0059–20

**JAMES BERKELEY HARBIN II, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIFTH COURT OF APPEALS
DALLAS COUNTY**

**KEEL, J., delivered the opinion for a unanimous Court.**

## O P I N I O N

This is an appeal from a second punishment hearing that was granted pursuant to a writ of habeas corpus. The court of appeals reversed the trial court's judgment and remanded the case for a third punishment hearing. *Harbin v. State*, No. 05-18-00098-CR, 2019 Tex. App. LEXIS 9837 (Tex. App.—Dallas Nov. 12, 2019) (mem. op., not designated for publication). We granted the State Prosecuting Attorney's petition for discretionary review to determine whether the court of appeals erred to apply a 1994

statute to an offense committed in 1991. We hold that the court of appeals erred, and we reverse its judgment.

## I. Background

Appellant was eighteen years old when he shot and killed his father, James Harbin, Sr., (James) in 1991. Appellant's identity as the killer was not an issue. Rather, the issue was his emotional state: did he kill under the immediate influence of sudden passion arising from an adequate cause? In the guilt phase of Appellant's first trial, the jury charge defined "sudden passion" and "adequate cause" and instructed the jury that if it had a reasonable doubt about murder, it would "next consider whether the defendant is guilty of the lesser offense of voluntary manslaughter." These instructions accorded with the statute then in effect. *See Wooten v. State*, 400 S.W.3d 601, 604-05 (Tex. Crim. App. 2013). The jury found Appellant guilty of murder and sentenced him to life in prison.

Twenty-three years later, Appellant sought a new punishment hearing for the State's failure to disclose favorable information about James's psychiatric history and for defense counsel's ineffective investigation and presentation of mitigating evidence. We followed the trial court's recommendation and granted the relief Appellant requested: a new punishment hearing. *Ex parte Harbin*, No. WR-82,672-01, 2015 Tex. Crim. App. Unpub. LEXIS 387 (Tex. Crim. App. June 3, 2015) (per curiam). The jury's determination of guilt was undisturbed. *Id.* at *1-2.

Meanwhile, the law had changed. Effective for offenses committed on or after

September 1, 1994, voluntary manslaughter was repealed, and sudden passion became a punishment-phase issue. Acts 1993, 73rd Leg., R.S., ch. 900, §§ 1.01, 1.19(a). Under the new law, a defendant who is convicted of murder is subject to a second-degree punishment range instead of a first-degree range if his jury finds that he killed under the influence of sudden passion arising from an adequate cause. TEX. PENAL CODE § 19.02(d). An offense committed before September 1, 1994, is governed by the law in effect at the time of the offense. Acts 1993, 73rd Leg., R.S., ch. 900, § 1.18(b).

Although he committed murder in 1991, Appellant requested at his second punishment hearing a jury instruction on sudden passion under the 1994 law. The trial court denied the request. Appellant claimed on appeal that the trial court erred in refusing to instruct the jury on sudden passion. The court of appeals agreed with him and reversed the trial court's judgment and remanded for a third punishment hearing. *Harbin*, 2019 Tex. App. LEXIS 9837 at *20.

The court of appeals reasoned that, since Appellant had been granted a new punishment hearing for the failure to produce mitigating evidence, the second punishment hearing was unfair because that jury did not have the opportunity to consider the sudden passion issue in light of the new mitigating evidence. *Id.* at *16. The court of appeals held that Appellant was harmed by the failure to give the sudden passion instruction because the jury was not guided in how to consider the mitigating evidence. *Id.* at *18-19. For example, the jury might have considered Appellant's probation request more

favorably had it been instructed that a sudden passion finding lowers the maximum available punishment to 20 years. *Id.* at *18 n.5.

## II. Analysis

A jury charge must set forth the law applicable to the case. *See* TEX CODE CRIM. PROC. art. 36.14 (in felony cases "the judge shall, before the argument begins, deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case"). The Legislature determines the law applicable to a case because it has "the power to make, alter, and repeal laws, in accordance with other provisions of the Constitution" and "the sole authority to establish criminal offenses and prescribe punishments." *Vandyke v. State*, 538 S.W.3d 561, 573 (Tex. Crim. App. 2017).

The Legislature amended the law of sudden passion to apply prospectively. The court of appeals erred to apply it retrospectively. *See Buntion v. State*, 482 S.W.3d 58, 105 (Tex. Crim. App. 2016) (holding that trial court did not err in refusing to instruct on life without parole because that sentencing option was not in effect when the defendant committed his capital murder); *Smith v. State*, 907 S.W.2d 522, 534 (Tex. Crim. App. 1995) (holding that changes to the Code of Criminal Procedure made effective after the date of the offense did not apply to the appellant's trial even though the trial commenced after the effective date of the changes). Furthermore, applying the law in effect at the time of his offense did not make Appellant's second punishment hearing unfair. The jury was able to consider and give effect to the mitigating evidence by assessing punishment

within the range applicable to murder.

The court of appeals deemed the second punishment hearing unfair because, in its view, the mitigating evidence developed at the habeas stage was relevant to sudden passion. But Appellant never claimed that in his habeas applications. Such a claim would have meant a whole new trial. Instead, he only sought a new punishment hearing, and he got it. He was not entitled to more than that, and the court of appeals erred to, in effect, grant more habeas relief on direct appeal by applying the 1994 statute to Appellant's 1991 case.

Appellant contends that the 1994 statute should be applied retroactively because it allows consideration of mitigating factors like sudden passion and adequate cause at the punishment phase, but the previous statute did not. He relies on the Supreme Court's injunction against imposing mandatory life without parole on juvenile offenders and our retroactive application of that injunction. *See Miller v. Alabama*, 567 U.S. 460, 479 (2012); *Ex parte Maxwell*, 424 S.W.3d 66, 75 (Tex. Crim. App. 2014).

In *Miller*, the Supreme Court ruled out mandatory life without parole for juvenile offenders because it makes "youth (and all that accompanies it) irrelevant to imposition of that harshest prison sentence" and "poses too great a risk of disproportionate punishment." *Miller*, 567 U.S. at 479. We determined in *Maxwell* that this new rule would be applied retroactively on habeas because it was a substantive rule. *Maxwell*, 424 S.W.3d at 75. A "new rule" applies retroactively in a collateral proceeding if it is either

substantive or a "watershed" rule of criminal procedure. *Id.* at 70. That retroactivity framework comes from *Teague v. Lane*, 489 U.S. 288, 316 (1989), and we adhere to it "as a general matter of state habeas practice[.]" *Maxwell*, 424 S.W.3d at 71.

But this is not a habeas case. And the issue before us does not involve a Supreme Court decision announcing a new constitutional rule. Instead, it involves a statutory change with an effective date. If the change and its effective date are constitutional, courts must adhere to them. Appellant does not argue, and the court of appeals did not hold, that the statutory change or its effective date was unconstitutional. Consequently, the court of appeals erred to apply the statutory change to an offense that was committed before the statute's effective date.

Appellant also contends that we cannot consider the State's arguments because it did not present them to the court of appeals until it filed its motion for rehearing. Appellant points out that we consider only the decisions of the lower court, and because the merits of the State's position have not been addressed by the court of appeals, we have no "decision" to review. But the winning party at trial "who complains about a decision of the court of appeals need only address the holding of the court of appeals." *Rhodes v. State*, 240 S.W.3d 882, 886 n.9 (Tex. Crim. App. 2007). "[B]ecause the State prevailed at trial, we may in our discretion address subsidiary arguments that support the trial court's ruling that were not presented to the court of appeals." *Id.* The State's argument here resulted from the court of appeals' incorrect application of the law, and the

State is not precluded from raising it for the first time on discretionary review. *See*

*McClintock v. State*, 444 S.W.3d 15, 20 (Tex. Crim. App. 2014).

**III.  Conclusion**

The trial court did not err in refusing to give a sudden passion instruction at

Appellant's new punishment hearing.  The law applicable to the case was the law in

effect when the offense occurred.  The court of appeals erred to apply the 1994 statute to

Appellant's 1991 murder case.  We reverse the judgment of the court of appeals and

affirm the judgment of the trial court.


Delivered:  March 17, 2021

Publish