Ronald Wayne SCHOFIELD,
Appellant,

v.

The STATE of Texas, Appellee.

No. 01–07–00462–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 10, 2008.

Discretionary Review Refused
Feb. 4, 2009.

Gerald Burks, Galveston, TX, for Appellant.

Rebecca Klaren, Asst. Crim. Dist. Atty., Kurt Sistrunk, Crim. Dist. Atty., Galveston County, Galveston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

Appellant, Ronald Wayne Schofield, pleaded guilty to second-degree felony failure to register as a sex offender[1] and pleaded "true" to an enhancement allegation, raising the punishment range for the offense to that of a first-degree felony.[2] No agreement was made regarding sentencing. Following the preparation of a presentence investigation report and a punishment hearing, the trial court assessed punishment at 11 years in prison. In what presents as one issue, appellant contends that the 1999 judgment convicting him of sexual assault of a child, from which his duty to register as a sex offender emanates, was void.

We affirm.

## Background

### A. Statutory Framework

In 1991, the Texas Legislature enacted the sex-offender registration and notification statute, which was codified at article 6252–13c.1 of the Texas Revised Civil Statutes.[3] In 1995, the Legislature amended article 6252–13c.1 to provide, inter alia, that, for certain offenses, the duty to register as a sex offender ended 10 years after the offender's release from state supervision.[4]

In 1997, the Texas Legislature re-designated the statute as Chapter 62 of the Texas Code of Criminal Procedure.[5] The effective date of the 1997 legislative changes was September 1, 1997.[6] The legislature also amended the language to require an offender convicted of certain offenses, including sexual assault of a child, to comply with the registration requirements for the remainder of his or her life.[7] An offender convicted of one instance of certain "sexually violent offenses," including sexual assault of a child, is required to verify registration information with the local law enforcement authorities once each year.[8]

Since the 1997 amendments, the failure to comply with the registration requirements has been a felony offense.[9] TEX.CODE CRIM. PROC. ANN. art. 62.102 (Vernon 2006). Relevant to this case, a failure to comply with the registration requirements is a state jail felony if the offender's duty to register expires 10 years after he is released from state supervision; a failure to comply with the registration requirements is a third degree felony if the offender is required to register for life and

---

1. *See* TEX.CODE CRIM. PROC. ANN. art. 62.102(b)(3) (Vernon 2006)

2. *See* TEX. PENAL CODE ANN. § 12.42(b) (Vernon Supp.2007).

3. Act of May 25, 1991, 72nd Leg., R.S., ch. 572, Tex. Gen. Laws 2029–32 (codified at TEX.REV.CIV. STAT. ANN. art. 6252–13c.1).

4. Act of May 29, 1995, 74th Leg., R.S., ch. 676, § 2, sec. 9, 1995 Tex. Gen. Laws 3649, 3650.

5. Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, 1997 Tex. Gen. Laws 2253.

6. Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 10, 1997 Tex. Gen. Laws 2253, 2264.

7. Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, 1997 Tex. Gen. Laws 2253, 2261.

8. Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, 1997 Tex. Gen. Laws 2253, 2258–59.

9. Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, 1997 Tex. Gen. Laws 2253, 2260 (current version at TEX.CODE CRIM. PROC. ANN. art. 62.102(a) (Vernon 2006)).

to verify his registration information once each year.[10] If an offender has previously been convicted of failing to comply with the registration requirements, then the punishment is increased to the punishment for the next highest offense.[11]

## B. Relevant Procedural History

On January 4, 1999, appellant pleaded guilty to sexual assault of a child in Brazoria County District Court. Appellant was sentenced to two years in prison. The 1999 judgment recites that "the age of the victim" was 16 and "[t]he sex offender requirement of Article 6252–13c.1, Revised Statutes, applies" to appellant.

In September 2003, appellant pleaded guilty to the offense of "Failure to Register as a Sex Offender." On March 14, 2007, appellant was charged by indictment with the offense of failing to verify his sex offender registration information with the local law enforcement authority, as required. The indictment cited the 1999 judgment of conviction for sexual assault of a child as the reportable conviction. The indictment also included an allegation that appellant was convicted in 2003 of the offense of failure to register as a sex offender and an enhancement allegation that appellant had been convicted in 1996 of the offense of felony driving while intoxicated.

In the trial court, appellant contended that the punishment range for a second-degree felony applied, rather than the punishment range for a first-degree felony, as advocated by the State. Asserting collateral estoppel, appellant relied on the Brazoria County District Court's notation in the 1999 judgment that former Revised Statutes article 6252–13c.1 applied to his conviction for sexual assault of a child. Appellant asserted that, under article 6252–13c.1, he was required to comply with the reporting requirements for 10 years following his release from state supervision.

Appellant further asserted that Code of Criminal Procedure article 62.102(b)(1) applies to his current reporting violation. Under that provision, a violation of the registration requirements is a state jail felony if an offender's duty to register expires 10 years after he is released from state supervision.[12] Acknowledging his 2003 conviction for failure to register as a sex offender and the enhancement allegation for his 1996 felony DWI, appellant asserted that the punishment range for a second-degree felony applied to the instant reporting violation offense in this case.

In contrast, the State argued that the punishment range of a first-degree felony applied. The State asserted that the primary offense in this case was a third-degree felony, not a state jail felony as advanced by appellant. The State pointed out that the notation in the 1999 judgment providing that former article 6252–13c.1 applied to appellant's reportable conviction was erroneous. The State contended that, regardless of what the 1999 judgment recited, the 1997 amendments, i.e., Chapter 62, applied to appellant's reportable conviction, not former article 6252–13c.1. Under the governing provision, the State urged that appellant is required to register for life as a sex offender, not for 10 years. Given the life-time registration requirement, the State asserted that, pursuant to article 62.102(b)(2), appellant's current registration violation was a third-degree

---

10. Tex.Code Crim. Proc. Ann. art. 62.102(b)(1),(2) (Vernon 2006).

11. Tex.Code Crim. Proc. Ann. art. 62.102(c) (Vernon 2006).

12. *See* Tex.Code Crim. Proc. Ann. art. 62.102(b)(1).

**4**

felony.[13] Taking into account appellant's 2003 conviction for failing to register as a sex offender and the DWI enhancement allegation, the State argued that the punishment range would be elevated from a third-degree felony to a first-degree felony.[14]

The trial court conducted a hearing on appellant's contention that he should be sentenced under the punishment range for a second degree felony. The trial court agreed with the State that former article 6252–13c.1 did not apply to appellant's 1999 conviction. The trial court noted that appellant's 1999 conviction for sexual assault occurred after the legislature re-designated article 6252–13c.1 as Chapter 62 and amended certain provisions in 1997. The trial court stated that the re-designation and amendments applied to all convictions occurring after the statute's effective date of September 1, 1997, regardless of when the offense occurred, which here was in 1996. Because his conviction occurred in 1999, the trial court rejected appellant's collateral estoppel argument and concluded that appellant was subject to the Chapter 62 reporting requirements, not the requirements of former article 6252–13c. That is, appellant is required to comply with the reporting requirements for the remainder of his life, regardless of the notation in the 1999 judgment.

Appellant argued that former article 6252–13c.1's reporting requirements applied to him because the Brazoria County District Court had intended them to apply. The trial court stated that the Brazoria County District Court's intent could not supersede the statute. Accordingly, the trial court concluded that, if the enhancement allegation was shown to be true,

appellant was subject to the punishment range for a first-degree felony.

On appeal, appellant agrees that the registration requirements of article 6252–13c.1 do not apply to him. He no longer relies on the language in the 1999 judgment to assert that he should have been subject only to a second-degree felony punishment range. Instead, appellant asserts that the incorrect reference to former article 6252–13c.1 rendered the 1999 judgment of conviction "void." Appellant argues that, despite the trial court's attempt to orally "reform" the 1999 judgment of conviction to reflect the correct registration requirements, the judgment remains void because the trial court was without jurisdiction to "reform" the judgment of another district court. Because his duty to register emanates from what he contends is a void judgment, appellant now seeks a reversal of the instant judgment of conviction and a judgment of acquittal from this Court.

**Analysis**

We begin by noting that it appears appellant has waived his voidness challenge to the 1999 judgment of conviction. Appellant has failed to preserve any error for our review because the complaint he raises on appeal does not conform to the one raised in the trial court. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002); *see Porath v. State*, 148 S.W.3d 402, 410 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (holding that, if objection made in trial court differs from complaint on appeal, defendant fails to preserve error for review). As discussed, appellant relied on the language of the 1999 judgment of conviction in the trial court to support his contention that the sentencing range for a

---

13. *See* TEX.CODE CRIM. PROC. ANN. art. 62.102(b)(2).

14. *See* TEX.CODE CRIM. PROC. ANN. art. 62.102(c); TEX. PENAL CODE ANN. § 12.42(b) (Vernon Supp. 2007).

second-degree felony applied to the instant offense. In contrast, on appeal, appellant now attacks the 1999 judgment as void.

Even if we broadly construe his appellate arguments and assume appellant has preserved his assertion that the instant judgment of conviction must be reversed on the ground that the 1999 judgment of conviction is void, we conclude that such argument is without merit. Appellant's challenge on appeal constitutes a collateral attack on the 1999 judgment of conviction. *See Adams v. State,* 222 S.W.3d 37, 56–57 (Tex.App.-Austin 2005, pet. ref'd); *see also Rhodes v. State,* 240 S.W.3d 882, 887–88 (Tex.Crim.App.2007).

■■ The record reflects that appellant's 1999 conviction was the result of a plea bargain agreement. The Court of Criminal Appeals in *Rhodes* held that a defendant, who enters into a plea agreement that includes terms which are illegally lenient, is estopped from later collaterally attacking the judgment on the ground that it was illegally lenient. 240 S.W.3d at 892. Here, the record does not reveal whether the registration requirement recited in the 1999 judgment was part of the plea agreement. To the extent that it was part of the agreement, we conclude that appellant is estopped from collaterally attacking the 1999 judgment on the ground that it contained an incorrect registration requirement. *See id.*

■■ In cases in which the "illegal" term at issue was not part of the plea agreement, the *Rhodes* court employed a different analysis. *Id.* at 887–89. The court recognized that when a judgment defect is reformable on direct appeal, as in this case, the judgment is not void and may not be collaterally attacked. *See id.* at 888; *see also Barker v. State,* 169 Tex.Crim. 277, 334 S.W.2d 182, 184 (1960) ("A judgment or sentence containing an irregularity which may be reformed on appeal or by nunc pro tunc entry is not void, and may not be collaterally attacked."). Here, it is undisputed that the 1999 judgment of conviction could have been reformed on direct appeal to reflect the correct registration requirements. Thus, to the extent the registration requirement was not part of the 1999 plea agreement, the reformable nature of the defect cannot render the prior judgment void. *See Rhodes,* 240 S.W.3d at 889.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.