**FILED**

**JUNE 7, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 7:11 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | |
|---|---|
| Elijah Scales, | )    Docket No.: 2015-08-0002 |
|      Employee, | ) |
| v. | )    State File Number: 467-2015 |
| Michael Sherlock, | ) |
|      Employer. | )    Judge Jim Umsted |
| | ) |
| | ) |
| | ) |
| | ) |

## COMPENSATION HEARING ORDER

This matter came before the undersigned Workers' Compensation Judge on June 1, 2016, for a Compensation Hearing, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issues are: (1) whether Mr. Scales sustained a compensable injury arising primarily out of and in the course and scope of his employment with Michael Sherlock; (2) whether Mr. Scales is entitled to past or future medical benefits; (3) whether Mr. Scales is entitled to past temporary disability benefits, and if so, in what amount; and (4) whether Mr. Scales is entitled to permanent disability benefits, and if so, in what amount.[1] For the reasons set forth below, the Court finds that Mr. Scales established by a preponderance of the evidence that he sustained a compensable injury primarily arising out of and in the course and scope of his employment with Mr. Sherlock and is entitled to past and future medical benefits, past temporary disability benefits, but not permanent disability benefits for the reasons set forth below.

### History of Claim

Mr. Scales is a sixty-three-year-old resident of Shelby County, Tennessee. He has a fifth-grade education and has performed physical labor all of his life. Since 2011, Mr. Scales worked for Mr. Sherlock as a manual laborer at the business Mr. Sherlock owned

---

[1] A complete listing of the technical record, stipulations, and exhibits admitted at the Compensation Hearing is attached to this Order as an appendix.

1

with his father-in-law, Tommy Costello, located at Shelby Drive and Tchulahoma Road in Memphis, Tennessee. According to Mr. Scales, Mr. Sherlock's business performed construction work, including painting, replacing shingles on houses, pressure washing, and repaving driveways. In addition to Mr. Sherlock and Mr. Costello, Mr. Scales advised the business employed three laborers at the time of his injury.

In this case, Mr. Scales claimed he injured his neck and both wrists at work on September 20, 2014, when he fell from a ladder while painting the roof of a barn in Columbus, Indiana. According to Mr. Scales, he was working at the top of the thirty-six-foot ladder when the co-worker holding the ladder walked away. The ladder slipped out from under him, and he had to jump to the ground. Mr. Sherlock arrived at the scene shortly after the fall and drove Mr. Scales to the emergency room.

Soon after Mr. Scales arrived at the emergency room, his medical care provider transferred him to St. Vincent Jennings Hospital in Indianapolis, Indiana. Mr. Scales advised he had fallen from a ladder and had landed on his left wrist and neck. He received treatment for a neck fracture and left wrist fracture and remained in the hospital until September 22, 2014. Upon discharge, Mr. Scales' hospital physicians discharged him with restrictions against bearing weight on his left wrist and referred him to Dr. James Creighton at Indiana Hand to Shoulder Center. Mr. Scales attempted to return to work, but, due to his fractured wrist and the necessary use of a neck brace, could not perform the tasks Mr. Sherlock asked him to do.

Dr. Creighton recommended performing surgery on Mr. Scales' left wrist following a September 25, 2014 visit. Mr. Scales underwent the surgery on September 29, 2014. Dr. Creighton took Mr. Scales completely out of work after surgery and instructed him to return for a follow-up appointment on October 22, 2014. The medical records admitted into evidence suggest Mr. Scales did return to see Dr. Creighton on October 22, 2014, but do not include a narrative note discussing the specifics of any treatment or examination Mr. Scales received during that visit. The report Dr. Creighton prepared on October 22, 2014, indicated he did not keep Mr. Scales off work or place any restrictions on him.

Mr. Scales returned to Tennessee a few weeks after his fall and sought treatment at the Church Health Center (CHC) and Christ Community Health Services (CCHS). He complained of right wrist pain during his visit to CHC on October 31, 2014, and his provider at CCHS ordered a wrist x-ray on October 31, 2014. During his CCHS appointment on November 26, 2014, Mr. Scales received a referral to an orthopedic specialist.

Mr. Scales stated that Mr. Sherlock gave him $400.00 but did not provide a panel of physicians or pay any of his medical bills. Mr. Sherlock advised Mr. Scales he did not have workers' compensation insurance and was not responsible for compensating him for

his injury. Mr. Scales continues to have problems with his neck and wrists but cannot afford further treatment as he cannot work.

Mr. Scales filed a Petition for Benefit Determination on January 5, 2015, seeking medical and temporary disability benefits. The disputed issues could not be resolved through mediation as Mr. Sherlock failed to participate in the mediation process. Consequently, the Mediating Specialist filed a Dispute Certification Notice on May 21, 2015.

The Court held an Expedited Hearing on January 13, 2016, and issued an order granting medical and temporary disability benefits on January 27, 2016. In the Expedited Hearing Order, this Court found Mr. Scales' neck and left wrist injuries to be compensable and ordered Mr. Sherlock to pay the medical bills Mr. Scales incurred while treating for these injuries. The Court also ordered Mr. Sherlock to provide Mr. Scales with a panel of orthopedic physicians to furnish ongoing medical treatment for his neck and left wrist injuries. Finally, the Court calculated Mr. Scales' compensation rate as $461.56 per week based on an average weekly wage of $692.31 and awarded temporary disability benefits totaling $2,109.99 for the period between September 21, 2014, and October 22, 2014.

Mr. Sherlock did not appear for the Expedited Hearing despite receiving notice of the hearing via certified mail and did not comply with the Court's Expedited Hearing Order, which the Court Clerk sent via certified mail to the same address as the Notice for Expedited Hearing.

On March 21, 2016, the Court issued an Initial Hearing Order setting the matter for a Compensation Hearing on June 1, 2016. The Court Clerk sent this order to Mr. Sherlock at his last-known address via certified mail.

During the Compensation Hearing, Mr. Scales' testimony was consistent with his testimony at the Expedited Hearing. He further testified he currently receives Social Security Disability Benefits for the injuries he sustained at work. According to Mr. Scales, he cannot lift anything over five pounds with his left hand and has not worked since his fall due to continuing problems with his neck and wrist. Mr. Scales continued to argue he injured his right wrist and developed asthma and blood pressure issues as a result of his work-related fall. However, he admitted he had no new medical information as he could not afford to seek medical treatment. He seeks past and ongoing medical benefits as well as temporary and permanent disability benefits. Mr. Sherlock did not appear at the Compensation Hearing.

3

## Findings of Fact and Conclusions of Law

### *General Legal Principles*

This Court must interpret the Workers' Compensation Law fairly, impartially, and without favor for either the employee or employer. Tenn. Code Ann. § 50-6-116 (2015). The employee in a workers' compensation claim must prove all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). "[A]t a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff,* No. 2014-05-0005, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015).

### *Compensability*

The first issue this Court must address is whether Mr. Scales sustained a compensable injury. He testified he worked as a painter for Mr. Sherlock and injured himself at work on September 20, 2014, when he fell off a ladder while painting the roof of a barn. He also testified Mr. Sherlock had actual knowledge of the fall, as Mr. Sherlock drove him to the emergency room, thereby satisfying the notice requirement provided in Tennessee Code Annotated section 50-6-201(a)(1) (2015). Since Mr. Sherlock failed to appear at the Compensation Hearing, he presented no evidence to refute Mr. Scales' testimony.

Moreover, the medical records admitted into evidence support Mr. Scales' testimony with regard to his neck and left wrist injuries. In a consultation note dated September 20, 2014, Dr. Santosh Mathen at St. Vincent Hospital indicated that Mr. Scales fell from a ladder and landed on his left wrist and neck. In addition, Dr. Creighton's operative note of September 29, 2014, describes a similar history. Medical records from Church Health and Christ Community indicate Mr. Scales also complained of right-wrist pain several weeks after his fall, but these records do not provide any history to connect his complaints to the work-related fall.

To be compensable under the Workers' Compensation Law, an injury must arise primarily out of and occur in the course and scope of the employment; be caused by an incident or specific set of incidents; and be identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14) (2015). Based on the evidence presented at the Compensation Hearing, the only suggested cause for Mr. Scales' neck and left wrist injuries was the September 20, 2014 work-related fall. Medical evidence is generally required in order to establish a causal relationship, "[e]xcept in the most obvious, simple and routine cases." *Cloyd v. Hartco Flooring Co.,* 274 S.W.3d

4

638, 643 (Tenn. 2008) (quoting *Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 676 (Tenn. 1991)).[2] The Court finds Mr. Scales' neck and left wrist injuries obviously arose from his fall on September 20, 2014. Therefore, Mr. Scales has proven by a preponderance of the evidence that the injuries to his neck and left wrist primarily arose out of and in the course and scope of his employment with Mr. Sherlock.

On the other hand, the connection between Mr. Scales' employment and his right wrist, asthma, and blood pressure conditions is not so "obvious, simple, or routine." Furthermore, Mr. Scales has not presented sufficient medical evidence to establish a causal relationship between these injuries and his employment with Mr. Sherlock. Accordingly, he has not met his burden of proof with regard to his right wrist, asthma, and blood pressure conditions.

*Medical Benefits*

The Court now turns to the issue of medical benefits for Mr. Scales' neck and left wrist injuries. Pursuant to Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015), "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Accordingly, Mr. Scales is entitled to reasonably necessary ongoing medical treatment for his neck and left wrist as recommended by his authorized treating physician and as required by Tennessee Code Annotated section 50-6-204 (2015). Since Mr. Scales does not currently have an authorized physician, Mr. Sherlock shall provide Mr. Scales with a panel of physicians from which he can select his authorized treating physician for ongoing treatment of his neck and left wrist.

Mr. Scales also seeks payment of past medical expenses. The Court previously ordered Mr. Sherlock to pay Mr. Scales' past medical expenses from St. Vincent Jennings Hospital, Indiana Physician Management – Jennings, Hand Surgery Associates, and Indiana Hand to Shoulder Center. The Court found that each of these bills related to the emergency treatment Mr. Scales received for his neck and left wrist injuries. The Court finds Mr. Scales sustained his burden of proving entitlement to these benefits at the Compensation Hearing as well. As such, Mr. Sherlock is responsible for paying these bills.

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

*Temporary Disability Benefits*

Mr. Scales further asks this Court to order temporary disability benefits. To establish a case for temporary total disability benefits, an employee must show that: (1) he was totally disabled and unable to work as a result of a compensable injury; (2) a causal connection exists between the injury and the employee's inability to work; and (3) the duration of the period of the employee's disability. *Gray v. Cullom Mach., Tool & Die, Inc.*, 152 S.W.3d 439, 443 (Tenn. 2004). Temporary partial disability arises when the temporary disability is not total. Tennessee Code Annotated section 50-6-207(2) (2015) provides that "[i]n all cases of temporary partial disability, the compensation shall be sixty-six and two-thirds percent of the difference between the average weekly wage of the worker at the time of the injury and the wage the worker is able to earn in the worker's partially disabled condition." When an injured worker is willing to return to work within his restrictions, but the employer is unwilling or unable to return the injured worker to work, the injured worker may be entitled to recover temporary partial disability benefits equal to the amount of temporary total disability benefits. *See Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, *7-8 (Tenn. Workers' Comp. Panel Nov. 15, 2005).

After his fall on September 20, 2014, Mr. Scales remained in the hospital until September 22, 2014. Upon discharge from the hospital, Mr. Scales was restricted from bearing weight on his left wrist. Thereafter, Dr. Creighton kept Mr. Scales completely off work after his surgery on September 29, 2014. Mr. Scales remained off work until his October 22, 2014 appointment. Based on the medical records admitted into evidence, Dr. Creighton did not keep Mr. Scales off work or place any restrictions on him during the October 22, 2014 visit. Mr. Scales testified he has not worked since his work-related fall and is still unable to lift more than thirty pounds. However, he also admitted that no doctor restricted him from working.

The Court previously calculated Mr. Scales' average weekly wage as $692.31, which led to a compensation rate of $461.56, based on Mr. Scales' testimony about his earnings. Mr. Sherlock did not appear at the Expedited Hearing or Compensation Hearing and, therefore, did not refute Mr. Scales' testimony. In addition, he did not put forth any evidence showing that Mr. Sherlock could have accommodated Mr. Scales' restrictions from September 22, 2014, to September 28, 2014.

The Court previously ordered temporary disability benefits for Mr. Scales following the Expedited Hearing, and the Court finds Mr. Scales sustained his burden of proving entitlement to these benefits at the Compensation Hearing. Based on the evidence presented in this case, the Court finds Mr. Scales is entitled to temporary disability benefits from September 21, 2014, to October 22, 2014.

Mr. Scales testified he recently began receiving Social Security Disability Benefits for injuries sustained in this work accident, as well as for other physical problems, such as asthma. However, he failed to submit to this Court any additional evidence supporting his claim for permanent disability benefits. A showing of permanent disability requires an expert medical opinion. *See* Tenn. Code Ann. § 50-6-204(k) (2015). Accordingly, the Court denies that claim.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Sherlock shall provide Mr. Scales with a panel of orthopedic physicians so that he can select his authorized treating physician. Mr. Sherlock shall also provide Mr. Scales with ongoing medical treatment for any neck or left wrist injuries as recommended by the selected physician and as required by Tennessee Code Annotated section 50-6-204 (2015). Mr. Scales or his medical providers shall furnish medical bills to Mr. Sherlock.

2. Mr. Sherlock shall pay the medical bills Mr. Scales incurred as a result of treating for his work-related neck and left wrist injuries, which total $14,604.90.

3. The amount of temporary disability benefit is $461.56 per week based on Mr. Scales' average weekly wage of $692.31.

4. Payment of past-due temporary disability benefits in the amount of $2,109.99 shall be made for the period from September 21, 2014, to October 22, 2014.

5. Permanent disability benefits are denied due to lack of evidence.

6. After a Compensation Hearing Order entered by a Workers' Compensation Judge has become final in accordance with Tennessee Code Annotated section 50-6-239(c)(7) (2015), compliance with this Order must occur in accordance with Tennessee Code Annotated section 50-6-239(c)(9) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the fifth business day after this Order becomes final or all appeals are exhausted. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

7. The filing fee of $150.00 for this cause is taxed to Mr. Sherlock, pursuant to Rule 0800-02-21-.07 (2015) of the Tennessee Compilation Rules and Regulations.

**ENTERED this the 7th day of June, 2016.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Compensation Hearing Order to appeal the decision to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal your case to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty calendar days* of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the Workers'

8

Compensation Judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the party who filed the notice of appeal shall have fifteen calendar days after the issuance of the docketing notice to submit a brief to the Appeals Board for consideration. Any opposing party shall have fifteen calendar days after the filing of the appellant's brief to file a brief in response. No reply briefs shall be filed. Briefs shall comply with the Practice and Procedure Guidelines of the Workers' Compensation Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03(6) (2015).

To appeal your case directly to the Tennessee Supreme Court, the Compensation Order must be "final" (*see* Tennessee Code Annotated section 50-6-239(c)(7)) and you must comply with the Tennessee Rules of Appellate Procedure.

## APPENDIX

Technical record:
- Petition for Benefit Determination, filed January 5, 2015;
- Petition for Benefit Determination, filed May 20, 2015
- Dispute Certification Notice, filed May 21, 2015;
- Request for Expedited Hearing, filed May 20, 2015;
- Expedited Hearing Order Granting Medical and Temporary Disability Benefits, entered January 27, 2016; and
- Initial Hearing Order, entered March 21, 2016.

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:

- EXHIBIT 1: Medical bill from St. Vincent Jennings Hospital for date of service September 20, 2014;
- EXHIBIT 2: Medical records from St. Vincent Health;
- EXHIBIT 3: Medical records from Indiana Hand to Shoulder Center;
- EXHIBIT 4: Medical records from Church Health Center;
- EXHIBIT 5: Medical records from Christ Community Health Services; and
- EXHIBIT 6: Thoracic Spine CT report, dated September 20, 2014.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 7th day of June, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Elijah Scales, Employee | X | | | 4959 Gardenwood Memphis, TN 38116 |
| Michael Sherlock, Employer | X | | | 4468 Deer Lane Memphis, TN 38118 |

_Penny Shrum_

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

11