

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00185-CR

———————————————————

GORDON RAY LEWIS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR12234

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION AND ABATEMENT ORDER**

Appellant Gordon Ray Lewis appeals the denial of his motion for forensic DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.05. Before we can address the merits of his appeal, we must first determine whether we have jurisdiction to hear it. To show the timeliness of his notice of appeal, Lewis relies on Rule 4.6 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 4.6. The record, however, does not show whether Lewis complied with Rule 4.6. We abate the appeal and remand the case to the trial court for it to conduct a hearing to determine (1) the earliest date when Lewis or his attorney received notice or acquired actual knowledge that the trial judge had signed the order denying Lewis's DNA motion and (2) whether that date was more than twenty days after the judge signed the order. *See* Tex. R. App. P. 4.6(b)(2). The trial court is further instructed to sign an order with its findings as required by Rule 4.6(c). *See* Tex. R. App. P. 4.6(c).

## I. PROCEDURAL BACKGROUND DISCUSSION

Lewis is serving a life sentence for a capital murder committed in 2013. *See Lewis v. State*, No. 02-13-00367-CR, 2014 WL 7204708, at *1 (Tex. App.—Fort Worth Dec. 18, 2014, pet. ref'd) (mem. op., not designated for publication).

Years later, in March 2022, Lewis filed a motion for forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 64.01. On August 30, 2022, the trial court had a hearing on Lewis's motion, and on February 16, 2023, the trial court signed an order denying it.

Lewis then attempted to appeal the order denying his motion for DNA testing. But in doing so, he missed the standard appellate deadlines for perfecting the appeal, *see* Tex. R. App. P. 4.1(a), 26.2(a)(1), and the deadline for extending the time to perfect the appeal, *see* Tex. R. App. P. 26.3. He relied, instead, on Rule 4.6 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 4.6. As discussed below, after reviewing the record, we are unable to tell if Lewis met Rule 4.6's requirements.

## A. Rule 4.6

In the context of an order denying a DNA motion, Rules 26.2(a)(2) and 26.3 are not the only means to determine when a notice of appeal must be filed. If neither the defendant nor his attorney received notice of the order within twenty days of its signing, the timetable begins to run "on the earliest date when the defendant or the defendant's attorney received notice or acquired actual knowledge of the signing." Tex. R. App. P. 4.6(a).[1]

### 1. What a Rule 4.6 motion must contain

Rule 4.6 of the Texas Rules of Appellate Procedure addresses the procedure to gain additional time to perfect an appeal:

(1) A defendant's motion for additional time must:

(A) Be in writing and sworn;

(B) State the defendant's desire to appeal from the appealable order;

---

[1]The rule has one caveat: "[I]n no event shall such periods begin more than 120 days after the day the trial judge signed the appealable order." *Id.* We are not concerned with this caveat.

3

(C) State the earliest date when the defendant or the defendant's attorney received notice or acquired actual knowledge that the trial judge signed the appealable order; and

(D) Be filed within 120 days of the signing of the appealable order.

Tex. R. App. P. 4.6(b)(1)(A)–(D).

## 2. Factual issues a Rule 4.6 motion must resolve

Once a motion to gain additional time is filed, Rule 4.6 addresses what happens next procedurally:

(2) To establish the application of paragraph (a) of this rule, the defendant adversely affected must prove in the trial court:

(A) The earliest date on which the defendant or the defendant's attorney received notice or acquired actual knowledge that the trial judge signed the appealable order; and

(B) That this date was more than twenty days after the signing of the appealable order.

Tex. R. App. P. 4.6(b)(2)(A)–(B).

## 3. Rule 4.6 anticipates an evidentiary hearing and requires a written order with factual findings

As might be expected, a hearing is required to resolve the factual issues. And after the hearing, the trial court must sign a written order with its factual findings:

(c) The Court's Order. After hearing the motion for additional time, the trial judge must sign a written order that determines the earliest date when the defendant or the defendant's attorney received notice or acquired actual knowledge that the trial judge signed the appealable order and whether this date was more than twenty days after the judge signed the appealable order.

4

Tex. R. App. P. 4.6(c).

## B. Lewis's Rule 4.6 motion

Lewis filed in the trial court on June 9, 2023, a motion for additional time to file a notice of appeal under Rule 4.6 of the Texas Rules of Appellate Procedure and, along with it, a notice of appeal. But what Rule 4.6 requires and what Lewis put in his motion varied. Lewis's motion complied with some of Rule 4.6's provisions but did not comply with others.

### 1. Compliance

The motion complied with Rule 4.6 in two respects. First, it stated that Lewis wanted to appeal the denial of his DNA motion. *See* Tex. R. App. P. 4.6(b)(1)(B). Second, Lewis filed his motion within 120 days of the trial court's February 16 order. *See* Tex. R. App. P. 4.6(b)(1)(D).

### 2. Noncompliance

But the motion failed to comply with Rule 4.6 in two other respects. First, the written motion was not sworn to. *See* Tex. R. App. P. 4.6(b)(1)(A). Second, it did not specify when he or his counsel had notice or actual knowledge of the February 16 order. *See* Tex. R. App. P. 4.6(b)(1)(C). Instead, the motion presumed that Lewis's trial counsel (who had later been allowed to withdraw) received notice of the February 16 order "soon after that date."

### 3. Unopposed

The motion further asserted that it was unopposed: "The District Attorney does not oppose the request for additional time."[2] As we shall see, the State's willingness not to oppose the motion impacted how the motion proceeded.

### C. Trial court's order

On June 30, the trial court granted Lewis's motion for additional time and ordered the notice of appeal filed. The order, in its entirety, provides,

> On this day the Motion for Additional Time to File Notice of Appeal came on to be considered. After consideration, the Motion is
>
> . . .
>
> GRANTED, and the Clerk is ordered to file the Notice of Appeal.[3]

### 1. No hearing

Based on the order itself, the trial court did not appear to have held an evidentiary hearing on Lewis's Rule 4.6 motion. If there was an evidentiary hearing, our record does not contain a reporter's record of it.

---

[2]The State's willingness not to oppose Lewis's motion effectively recognized his right to appeal the denial of his DNA motion. *See* Tex. Code Crim. Proc. Ann. art. 64.05. A prosecutor's "primary duty" is "to see that justice is done." *Id.* art. 2.01.

[3]In the original order, the document provides the words "DENIED" and "GRANTED," and "GRANTED" is circled.

6

### 2. No factual findings

Either way—and more importantly—the trial court did not make the required Rule 4.6(c) findings, i.e., it did not determine "the earliest date when the defendant or the defendant's attorney received notice or acquired actual knowledge that the trial judge signed the appealable order and whether this date was more than twenty days after the judge signed the appealable order." *See* Tex. R. App. P. 4.6(c).

### D. Jurisdiction

To invoke our appellate jurisdiction, an appellant must file a timely notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Rodriguez v. State*, No. 04-23-00717-CR, 2023 WL 5603205, at *1 (Tex. App.—San Antonio Aug. 30, 2023, no pet.) (per curiam) (mem. op., not designated for publication). Based on this record, we cannot tell if Lewis's notice of appeal is timely. When we identify a concern about our jurisdiction, we must address that question sua sponte. *Searls v. State*, No. 02-19-00136-CR, 2019 WL 4019678, at *2 (Tex. App.—Fort Worth Aug. 27, 2019, no pet.) (mem. op., not designated for publication). Thus, before assuming jurisdiction, we must determine whether Lewis's reliance on Rule 4.6 is justified.

## II. RESOLUTION DISCUSSION

On appeal, the State does not object to the form of Lewis's motion for additional time or to the form of the trial court's order granting it. As noted in Lewis's Rule 4.6 motion, the State did not oppose the extension, so the State's position on appeal is consistent with its position before the trial court.

But parties may not confer subject-matter jurisdiction on a court. *See Ex parte Derosier*, No. 02-15-00100-CR, 2015 WL 6550557, at \*3 (Tex. App.—Fort Worth Oct. 29, 2015, pet. ref'd) (mem. op., not designated for publication) (citing *Ex parte Sledge*, 391 S.W.3d 104, 108 (Tex. Crim. App. 2013)), *pet. ref'd*, 490 S.W.3d 501 (Tex. Crim. App. 2016). They cannot confer jurisdiction on a court by agreement. *State v. Riewe*, 13 S.W.3d 408, 413 (Tex. Crim. App. 2000).[4]

Before we have jurisdiction, the record must establish that neither Lewis nor his counsel had received notice or acquired actual knowledge of the signed order denying Lewis's DNA motion within twenty days after the trial court signed it. Tex. R. App. P. 4.6(a). The trial court's order granting Lewis's motion does not resolve these factual issues, as Rule 4.6(c) requires. *See* Tex. R. App. P. 4.6(c). But by granting Lewis's motion, the trial court implicitly found that Lewis met the factual requirements.

The trial court's failure to comply with Rule 4.6(c) can be explained procedurally. Because the State did not complain about the procedural defects in Lewis's motion, the trial court's failure to conduct an evidentiary hearing, or the trial

---

[4]The Texas Court of Criminal Appeals later stated that the portion of *Riewe* that asserted a defendant could not use Rule 25.2(d) of the Texas Rules of Appellate Procedure to correct a jurisdictional defect in a notice of appeal was dicta and declined to rely on it. *See Bayless v. State*, 91 S.W.3d 801, 805 n.8 (Tex. Crim. App. 2002); *State v. Palmer*, 469 S.W.3d 264, 266 n.2 (Tex. App.—Fort Worth 2015, pet. ref'd).

court's order granting Lewis's motion, all the procedural defects—and potentially all the jurisdictional defects—went unchallenged.

Yet this is not a situation where Lewis alleged facts that fell within Rule 4.6's scheme and where the State stipulated to those facts. This is a situation in which (1) Lewis alleged that he did not know when his counsel received notice or had actual knowledge of the trial court's order, (2) Lewis never stated when he had notice or actual knowledge of the order, and (3) nothing in the record sheds any additional light on the subject. In short, the record does not support Lewis's compliance with Rule 4.6(a).

Nevertheless, at this juncture, we decline to dismiss Lewis's appeal based on

- his failure to file a sworn Rule 4.6 motion,

- the absence of an evidentiary hearing at which Lewis showed when he and his counsel had notice or actual knowledge of the February 16 order, or

- the trial court's failure to make the necessary factual findings in its Rule 4.6 order as required by Rule 4.6(c).

We explain why.

When interpreting a text, we must presume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible. *State v. Hardin*, 664 S.W.3d 867, 873 (Tex. Crim. App. 2022). We do not focus strictly on a discrete provision but, instead, look at other statutory provisions as well to harmonize text and avoid conflicts. *Id.*

9

Other appellate rules favor giving an appellant the opportunity to correct errors in a notice of appeal. Here are two examples: first, Rule 25.2(f) of the Texas Rules of Appellate Procedure authorizes amending a defective notice of appeal, Tex. R. App. P. 25.2(f), and second, Rule 37.1 of the Texas Rules of Appellate Procedure requires giving an appellant an opportunity to correct any defect in a notice of appeal "so that it can be remedied, if possible." Tex. R. App. P. 37.1.

The appellate rules also recognize that counsel have not always been diligent about notifying their clients that the trial court has ruled and about what their clients' appellate options are. For example, Rule 48.4—adopted in 2007—requires defense counsel to certify to an appellate court that counsel has sent a copy of the opinion to the client and notified the client of the client's right to file a pro se petition for discretionary review. Tex. R. App. P. 48.4. A failure to notify the client might result in a writ of habeas corpus seeking an out-of-time appeal based on ineffective assistance of counsel. *See, e.g.*, *Ex parte Smith*, 444 S.W.3d 661, 663–64 (Tex. Crim. App. 2014); *Ex parte Baldez*, 510 S.W.3d 492, 496–97 (Tex. App.—San Antonio 2014, no pet.).[5]

Turning to Rule 4.6 itself and its wording, we note that procedural requirements, even if mandatory, may be waived unless they are jurisdictional.

---

[5]Rule 77.3 prohibits us from citing unpublished opinions of the Texas Court of Criminal Appeals. Tex. R. App. P. 77.3. Accordingly, although numerous unpublished opinions in which the court granted out-of-time appeals based on ineffective assistance of counsel are available on Westlaw, we will not cite them. We further note that many of them predate Rule 48.4's adoption.

*Comptroller v. Landsfeld*, 352 S.W.3d 171, 174 (Tex. App.—Fort Worth 2011, pet. denied) (citing *In re United Servs. Auto. Ass'n (USAA)*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding)). When determining whether a procedural requirement is jurisdictional, we apply statutory interpretation principles. *See id.* (citing *City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009)). Our goal is to ascertain the drafters' intent by examining the statute's plain language. *Id.* (citing *City of DeSoto*, 288 S.W.3d at 394); *see Hardin*, 664 S.W.3d at 872 ("When we interpret statutes, we seek to effectuate the collective intent or purpose of the legislators who enacted the legislation. In doing so, we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of the text . . . ." (footnote omitted)).

Based on our review of Rule 4.6, some portions of it are jurisdictional while other portions are procedural.

Specifically, Subsection (a) sets out the jurisdictional requirements. *See* Tex. R. App. P. 4.6(a). Both the defendant and his attorney must not have received notice or had actual knowledge that the trial judge signed the order within twenty days after its signing. *Id.* The parties cannot waive these requirements by agreement. *See Riewe*, 13 S.W.3d at 413.

Turning to Subsection (b), it sets out the procedure for establishing the jurisdictional requirements. *See* Tex. R. App. P. 4.6(b). Because the requirement that the written motion be sworn to appears in Subsection (b) (the procedural provision) but is not required under Subsection (a) (the jurisdictional provision) or thereafter in

11

Subsection (c) (the factual recitations required in the trial court's order), we conclude that the fact that the motion is not sworn to is a procedural requirement that can be waived absent an objection. *See Comptroller*, 352 S.W.3d at 174. Here, the State waived any defect in Lewis's motion by not objecting.[6]

As for Subsection (c), it anticipates an evidentiary hearing and requires the trial court to state in its order its findings regarding the dispositive jurisdictional facts under Subsection (a). *See* Tex. R. App. P. 4.6(c). Because there apparently was no evidentiary hearing and because the order did not comply with Rule 4.6(c), the State could have objected, but it did not. One of the purposes of an objection is to give opposing counsel an opportunity to respond. *See Williams v. State*, 662 S.W.3d 452, 460 (Tex. Crim. App. 2021). Here, Lewis was not given that opportunity. We conclude that the failure to have a hearing and the error in the order are procedural and, thus, waivable. *See Comptroller*, 352 S.W.3d at 174. By not objecting, the State waived both defects. *See id.* This construction is consistent with Rules 25.2(f) and 37.1, both of which anticipate errors in notices of appeal and favor giving an appellant an opportunity to correct those errors, if possible. *See* Tex. R. App. P. 25.2(f), 37.1.

---

[6]Rule 4.6(b)(3) states that if an appellant's motion complies with Rules 4.6(b)(1) and (2), "the motion may serve as the defendant's notice of appeal." Tex. R. App. P. 4.6(b)(3). Rule 4.6(b)(3) thus provides both a reward for complying with Rules 4.6(b)(1) and (2) and a penalty for not complying with them—noncompliance means the motion cannot double as the notice of appeal. Lewis, however, filed both a Rule 4.6 motion and, along with it, a notice of appeal. Lewis was not relying on his Rule 4.6 motion doubling as his notice of appeal.

Our construction of Rule 4.6 as having jurisdictional and procedural portions is not without some potentially contrary authority. On the civil side, Rule 306a of the Texas Rules of Civil Procedure is comparable to Rule 4.6. *See* Tex. R. Civ. P. 306a; *see also* Tex. R. App. P. 4.2. And civil case law suggests that procedural defects are fatal to a Rule 306a motion. *See, e.g., In re Peña*, No. 13-18-00627-CV, 2019 WL 943371, at *3 (Tex. App.—Corpus Christi–Edinburg Feb. 26, 2019, no pet.) (mem. op.) ("The purpose of a sworn motion is to . . . reinvoke a trial court's jurisdiction for the limited purpose of conducting an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment."); *Trevino v. Hale*, No. 07-02-0235-CV, 2002 WL 1291246, at *1 (Tex. App.—Amarillo June 11, 2002, no pet.) (not designated for publication) ("Without adhering to the proper procedures and procurement of an order from the trial court finding the date on which notice or actual knowledge was received, this [c]ourt cannot depart from the original appellate timetable."); *Carrera v. Marsh*, 847 S.W.2d 337, 341 (Tex. App.—El Paso 1993, orig. proceeding) (op. on reh'g) ("An *unverified* motion to reinstate . . . cannot operate to extend the appellate timetable . . . ."). We are not persuaded that simply because a rule addresses jurisdiction, every aspect of the rule is necessarily jurisdictional. *See Reid v. SSB Holdings, Inc.*, 506 S.W.3d 140, 148 (Tex. App.—Texarkana 2016, pet. denied) ("There is no language in the statute that indicates that the verification requirement is jurisdictional or providing that failure to verify the complaint should result in dismissal."); *Comptroller*, 352 S.W.3d at 177 ("The motion

13

requirement means that a case may proceed against those governmental entities that do not seek dismissal—in other words, that a county can waive a party's noncompliance. This confirms that compliance with the notice requirements is not jurisdictional." (quoting *Roccaforte v. Jefferson Cnty.*, 341 S.W.3d 919, 926 (Tex. 2011)).

We decline to apply this harsh construction to Rule 4.6 when the State does not oppose Lewis's motion and when other provisions of the Texas Rules of Appellate Procedure contemplate giving Lewis an opportunity to cure—if possible—any defects in his notice of appeal. We see no benefit in forcing Lewis to file a writ of habeas corpus seeking an out-of-time appeal if the deficiencies can be corrected on direct appeal.

Although we conclude that the noted defects in Lewis's Rule 4.6 motion and proceedings are not necessarily fatal to his appeal, we are nevertheless not persuaded that we have jurisdiction. Nor are we persuaded that we do not have jurisdiction.

Even if the State is willing to waive an evidentiary hearing and the defect in the trial court's order, we are not—especially where, as here, the record does not support the order and where Rule 4.6(c) specifically requires the trial court to make the factual findings establishing our appellate jurisdiction. Lewis's failure to insist on

- a hearing and

- an order complying with Rule 4.6(c),

and the State's failure to object to

14

- the absence of a hearing and

- the order's not complying with Rule 4.6(c)

may have the effect of improperly conferring jurisdiction on us where no jurisdiction otherwise exists. *See Riewe*, 13 S.W.3d at 413.

Before assuming jurisdiction, we insist on a hearing and an order complying with Rule 4.6(c). *See* Tex. R. App. P. 4.6(c); *Black v. Curtis*, No. 07-23-00261-CV, 2023 WL 6932554, at *1 (Tex. App.—Amarillo Oct. 19, 2023, order) (per curiam) (applying Tex. R. Civ. P. 306a). Before we can assume jurisdiction under Rule 4.6, the record must show the earliest date when Lewis and his attorney received notice or otherwise acquired actual knowledge that the trial judge had signed the February 16 order and whether that date was more than twenty days after February 16. *See* Tex. R. App. P. 4.6(a), (c).

### III. CONCLUSION

Accordingly, we abate the appeal for the trial court to conduct within thirty days of the date of this order a hearing to determine:

- the earliest date when Lewis and his trial attorney received notice or acquired actual knowledge that the trial judge had signed the February 16, 2023 order, and

- whether this date was more than twenty days after the judge signed the February 16, 2023 order.

After conducting the hearing, the trial court "must sign a written order that determines the earliest date when the defendant or the defendant's attorney received

15

notice or acquired actual knowledge that the trial judge signed the appealable order and whether this date was more than twenty days after the judge signed the appealable order." *See* Tex. R. App. P. 4.6(c).

Within forty days of the date of this order, a supplemental reporter's record of the abatement hearing and a supplemental clerk's record containing the trial court's factual findings should be filed in our court.

After we receive both the supplemental reporter's record of the hearing and the supplemental clerk's record containing the trial court's order, the appeal will be automatically reinstated. After the appeal is reinstated, we will determine whether we have jurisdiction over it. *See Bell v. State*, 649 S.W.3d 867, 884 (Tex. App.—Houston [1st Dist.] 2022, pet. ref'd) (stating that courts have jurisdiction to determine whether they have jurisdiction).

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 21, 2023