

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00183-CR

ENRIQUE AKIL DIAZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 2023-0090

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Enrique Akil Diaz was convicted by a Harrison County jury of driving while intoxicated and assessed a sentence of 180 days in jail. The trial court's written judgment also assessed Diaz court-appointed attorney fees of $450.00 and court costs of $420.00. On appeal, Diaz complains that (1) the information contained fundamental error because it was not signed by the district attorney, (2) insufficient evidence supported the assessment of attorney fees, (3) the judgment assessed costs that are no longer authorized, and (4) the judgment should be modified to reflect Diaz's plea of not guilty. We find that Diaz forfeited his complaint regarding a defect in the information. However, because insufficient evidence supported the assessment of attorney fees and the judgment assessed an unauthorized cost and incorrectly stated Diaz's plea, we will modify the judgment and bill of costs as necessary and affirm the trial court's judgment, as modified.

I.     **Diaz Forfeited His Complaint Regarding a Defect in the Information**

The information in this case charged Diaz with DWI on May 10, 2021.[1] Although the information recited that it was brought by "**JAMES WOODRING**, Assistant Criminal District Attorney of Harrison County, Texas," it was not signed by either the district or county attorney. Diaz asserts that, because the information lacked the signature of the district attorney, it contained fundamental error that deprived the trial court of jurisdiction.

The Texas Constitution provides,

(b)     An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written

---

[1]*See* TEX. PENAL CODE ANN. § 49.01(2)(A), § 49.04(a), (b) (Supp.).

> instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

TEX. CONST. art. V, § 12(b). Regarding the contents of an information, the Texas Code of Criminal Procedure provides, among other things, that "[i]t must be signed by the district or county attorney, officially." TEX. CODE CRIM. PROC. ANN. art. 21.21(9).

Under Article V, Section 12(b), "to vest the court with both personal and subject[-]matter jurisdiction, the indictment [or information] must (1) charge a person, and it must (2) charge the commission of an offense." *Jenkins v. State*, 592 S.W.3d 894, 898 (Tex. Crim. App. 2018) (citing TEX. CONST. art. V, § 12(b)). Further, "the mere presentment of the indictment or information, rather than the substance of the indictment, confers jurisdiction on the trial court." *Walker v. State*, 594 S.W.3d 330, 339 (Tex. Crim. App. 2020) (citing TEX. CONST. art. V, § 12).

Diaz does not contend that the information did not charge him or that it did not charge the commission of an offense. He also does not assert that the information was not presented to the trial court. Rather, he only contends that the information is defective because it did not meet the requisites of Article 21.21 when it failed to include the signature of the district or county attorney.

However, pursuant to the Texas Code of Criminal Procedure,

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

3

TEX. CODE CRIM. PROC. ANN. art. 1.14(b). Because Diaz did not assert that the information failed to satisfy the constitutional requirement, he was required to "make a pretrial objection to a [form or] substance defect in the information . . . or forfeit the right to complain about it on appeal." *Smith v. State*, 309 S.W.3d 10, 18 (Tex. Crim. App. 2010) (citing *Studer v. State*, 799 S.W.2d 263, 271 (Tex. Crim. App. 1990)).

The record in this case does not show that Diaz asserted any pretrial complaint that the information was defective because it lacked the signature of the district or county attorney. As a result, he has forfeited his right to raise this complaint on appeal. *Id.*; TEX. CODE CRIM. PROC. ANN. art. 1.14(b).

## II. Insufficient Evidence Supported the Assessment of Attorney Fees

In its written judgment, the trial court assessed Diaz $450.00 for his court-appointed attorney fees, and the clerk's certified bill of costs includes a charge for $450.00 for attorney fees. Diaz asserts in his first issue that there was insufficient evidence to support the assessment of those attorney fees and asks that those fees be deleted from the judgment.[2] The State agrees that the trial court erred when it assessed the attorney fees and that they should be deleted.

Article 26.05(g) of the Texas Code of Criminal Procedure authorizes the trial court to order the reimbursement of the fees of court-appointed counsel only "[i]f the judge determines that a defendant has financial resources that enable [him] to offset in part or in whole the costs of the legal services provided . . . , including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit

---

[2]We are authorized to modify a judgment "to make the record speak the truth when the matter has been called to [our] attention by any source." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992).

4

critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (alteration in original) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Also, "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010) (alteration in original) (quoting TEX. CODE CRIM. PROC. ANN. art. 26.04(p)).

The record shows that the trial court determined that Diaz was indigent and that he was appointed counsel both at trial and on appeal. Because the trial court found Diaz indigent during the trial proceedings, he was "presumed to remain indigent absent proof of a material change in h[is] circumstances." *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.), art. 26.05(g). Since there is no evidence in the record of a material change in Diaz's circumstances, we find that the trial court erred when it assessed court-appointed attorney fees. We sustain this issue. As a result, we will delete the attorney fee assessment from the judgment and the bill of costs.

## III.    Other Modifications to the Judgment and Bill of Costs

In his second issue, Diaz challenges some of the costs assessed in the trial court's judgment and bill of costs and asserts that they were either not authorized by statute when Diaz

committed the offense or not supported by the record. As to the costs that were not authorized by statute, the State agrees with his analysis.[3]

"Only statutorily authorized court costs may be assessed against a criminal defendant." *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (citing TEX. CODE CRIM. PROC. ANN. art. 103.002). On appeal, "we review the assessment of court costs . . . to determine if there is a basis for the cost." *Id.* at 390. We examine the record to determine whether the trial court was authorized to assess the challenged costs against Diaz.

Diaz contends that the following costs designated in the bill of costs were not authorized to be assessed against him:

| Fee Description | Charges |
| --- | --- |
| Clerk of the Court Account | $40.00 |
| County Court Technology | $4.00 |
| County Jury Fund | $1.00 |
| County Records Mgmt | $25.00 |
| County Specialty Court Account | $20.00 |
| Court Reporter Service Fund | $3.00 |
| Courthouse Security Fund | $10.00 |
| Prosecutors Fees | $20.00 |

The costs total $123.00 for these eight accounts and funds. Diaz points out that, although these costs were authorized to be assessed against persons convicted of an offense committed before January 1, 2020, they are not authorized to be assessed against persons, such as him, convicted of an offense committed *on or after* January 1, 2020. We agree that the Texas Legislature repealed those portions of the prior statutes that authorized the assessment of the specific cost amounts for

---

[3]"We, of course, are not bound by any agreement or concessions by the parties on an issue of law." *Oliva v. State*, 548 S.W.3d 518, 520 (Tex. Crim. App. 2018) (citing *Rhodes v. State*, 240 S.W.3d 882, 885 n.3 (Tex. Crim. App. 2007)).

each of these cost categories for persons convicted of offenses committed on or after January 1, 2020. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 1.07, 1.08, 1.19(2), (3), (4), (6), 5.01, 5.04, 2019 Tex. Gen. Laws 3981, 3988–89, 3992, 4035.

However, in that same act, the Legislature added Section 134.102 to the Texas Local Government Code, which authorized a local consolidated fee in the amount of $123.00 to be assessed against "[a] person convicted of a Class A or Class B misdemeanor" committed on or after January 1, 2020. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.05, sec. 134.102(a), 2019 Tex. Gen. Laws 3981, 3985 (amended 2023) (current version at TEX. LOC. GOV'T CODE § 134.102). That statute directs the county treasurer to allocate the court costs collected under Section 134.102 to the same eight accounts and funds listed above "so that each receives to the extent practicable . . . the same amount of money the account or fund would have received if the court costs for the accounts and funds had been collected and reported separately." Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.05, sec. 134.102(b), 2019 Tex. Gen. Laws 3981, 3985 (amended 2023).

As a result, the trial court was authorized to assess a local consolidated fee of $123.00, which will be allocated to the eight accounts and funds listed above. However, because the bill of cost incorrectly designated these costs separately, we will modify the bill of costs by deleting the costs for each of these individual accounts and funds and by adding a "Local Consolidated Fee" of $123.00. Because the amount of the consolidated fee is equal to the total amount of the individual costs charged, the trial court's judgment will not be affected by this change.

7

Diaz also challenges the assessment of $10.00 for "CRIME STOPPER FUND," as shown in the bill of costs. Under the applicable law, there was no statutory authorization for the assessment of a separate cost charge for a Crime Stoppers Fund. Rather, the trial court was authorized to assess $147.00 against a person, such as Diaz, convicted of a class A or class B misdemeanor. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.03, sec. 133.102(a), 2019 Tex. Gen. Laws 3982, 3982–83 (amended 2023) (current version at TEX. LOC. GOV'T CODE § 133.102). Under that statute, a portion of the money collected was allocated to a "crime stoppers assistance account." Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.03, sec. 133.102(c), (e)(1), 2019 Tex. Gen. Laws 3981, 3982–83 (amended 2023). The bill of costs included a charge of $147.00 for "State Consolidated Court Costs–County." As a result, the separate charge for "CRIME STOPPER FUND" was unauthorized and duplicative. For that reason, we will modify the bill of costs by deleting the charge for "CRIME STOPPER FUND," and we will modify the judgment by reducing the amount assessed for court costs by $10.00.

Diaz also asserts that the assessment of $5.00 for "Marshall Police Department" has no support in the record. Nevertheless, Diaz admits that this "fee is presumably a peace officer arrest without a warrant fee," citing Article 102.011(e) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(e). Article 102.011 authorizes the assessment of $5.00 against a defendant convicted of a felony or a misdemeanor for a peace officer "making an arrest without a warrant." TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(1). The record shows that a peace officer with the Marshall Police Department arrested Diaz without a warrant.

8

Because this cost is authorized by statute and there is a basis for the cost in the record, we find that the assessment of this cost was proper. *See Johnson*, 423 S.W.3d at 389–90.

The trial court's judgment recites that Diaz entered a plea of "GUILTY." However, the record shows that Diaz pled "[n]ot guilty," and he asks that we modify the judgment to correctly recite his not guilty plea. We sustain this issue.

## IV. Disposition

For the reasons stated, we modify the bill of costs by deleting the assessments for "Attorney Fees," "Clerk of the Court Account," "County Court Technology," "County Jury Fund," "County Records Mgmt," "County Specialty Court Account," "Court Reporter Service Fund," "Courthouse Security Fund," "Prosecutors Fees," and "CRIME STOPPER FUND," by adding an assessment of $123.00 for "Local Consolidated Fee," and by changing the total court costs to $410.00. We modify the trial court's judgment by deleting the assessment for "ATTY FEE," by changing the "COURT COST" to $410.00, and by changing the "Plea" to "NOT GUILTY." As modified, we affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     January 3, 2024
Date Decided:      January 12, 2024

Do Not Publish

9